On respondent's reconsideration filed December 22, 1980,
reconsideration allowed, former opinion adhered to
(49 Or App 369, 619 P2d 678) February 3, reconsideration denied March 12,
petition for review allowed May 5, 1981 (291 Or 1)

**DUCOSIN,**
*Respondent,*
*v.*
**MOTT,**
*Appellant.*

(No. 77-4-184, CA 16290)

622 P2d 763

Robert J. Morgan, Milwaukie, and Emil R. Berg, Portland, for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiff filed a petition for review alleging, among other things, that we failed to consider the fact that defendant's defamatory statements about plaintiff to the county medical examiner were overheard by defendant's friend, Matilda Zachary, and that this constituted a publication that is not absolutely privileged as we have held defendant's statements to the medical examiner to be. We do not agree with plaintiff's version of the facts.

Defendant testified on deposition that he had called the medical examiner on the phone and that Zachary had overheard the conversation in which he had suggested foul play on plaintiff's part in the death of her mother. Defendant was challenged on this point at trial. He then qualified his earlier testimony as follows:

"There were two phone calls. She overheard the first one. It was made from my phone in Estacada. I was unable to reach Dr. Schilke [the medical examiner]."

Matilda Zachary testified in regard to the first call that "he might have tried to make a phone call, but I don't think he completed it." The second phone call, in which defendant made the alleged defamatory statements, was made from a phone booth, and Zachary testified she heard no part of the conversation. We conclude that no publication was made.

Reconsideration allowed. Former opinion adhered to.